# EXHIBIT A

U.S. Department of State

Office of Civil Rights (S/OCR)

# EEO COUNSELOR'S REPORT

This form is to be used by U.S. Department of State certified EEO counselors to report on counseling activities in accordance with 29 C.F.R. § 1614.105(c). Questions concerning completion of this form should be directed to the Office of Civil Rights (S/OCR).

## PRIVACY ACT STATEMENT (5 U.S.C. § 552(a))

| | |
|---|---|
| AUTHORITY | Public Law 92-261 |
| PRINCIPAL PURPOSE | Used for processing complaints of discrimination because of race, color, national origin, sex, religion, age, disability, genetic information, reprisal, or sexual orientation by Department of State employees, former employees, applicants for employment, and some contract employees. |
| ROUTINE USES | Information will be used (a) as a data source for complaint information for production of summary descriptive statistics and analytical studies of complaints processing and resolution efforts; (b) to respond to general requests for information under the Freedom of Information Act; (c) to respond to requests from legitimate outside individuals or agencies (White House, Congress, Equal Employment Opportunity Commission) regarding the status of a complaint or appeal; or (d) to adjudicate a complaint or appeal. |
| DISCLOSURE | Voluntary, however, failure to complete all appropriate portions of this form may lead to a delay in processing and/or rejection of the complaint on the basis of inadequate data to continue processing. |

## SECTION I - AGGRIEVED PERSON

1. Name *(Last, First, MI.)*: Hogg Carey

2. U.S. Citizen: Yes

3. Aggrieved is a(n): Department of State Employee

4. Current Employer: Department of State

5. Bureau/Office/Post Where Discrimination Allegedly Took Place: Global Engagement Center (GEC)

6. Work Telephone Number *(Include area code)*: 480-414-2707

7. Work E-Mail Address: HoggCL@state.gov

8. Home Address *(Include ZIP code)*:

9. Home Telephone Number *(Include area code)*:

10. Home E-Mail Address: careyhogg@mac.com

## SECTION II - CHRONOLOGY OF EEO COUNSELING

11. Date EEO Counseling Requested *(mm-dd-yyyy)*: 04-03-2023

12. 30th Day from EEO Counseling Request *(mm-dd-yyyy)*: 05-03-2023

13. Date of Alleged Discriminatory Act *(mm-dd-yyyy) (Include one date)*: 04-03-2023

14. 45th Day After Alleged Discriminatory Act *(mm-dd-yyyy)*: 05-18-2023

15. Aggrieved's Reason for Delayed Contact with Counselor Beyond 45 Days *(If applicable)*:

16. Date of Extension Request *(mm-dd-yyyy)*: 05-02-2023

17. Date Notice of Rights and Responsibilities Issued *(mm-dd-yyyy)*: 04-17-2023

18. Date ADR Offered *(mm-dd-yyyy)*: 04-17-2023

19. Date ADR Accepted by Aggrieved *(mm-dd-yyyy)*: 05-30-2023

20. Date Final Interview/Report Discussed *(mm-dd-yyyy)*:

21. Date Notice of Right to File Issued *(mm-dd-yyyy)*:

22. Date Notice Signed/Dated by Aggrieved *(mm-dd-yyyy)*:

23. Date Counseling Report Submitted to S/OCR *(mm-dd-yyyy)*: 05-31-2023

## SECTION III - BASIS/ES FOR ALLEGED DISCRIMINATION *(Complete all that apply)*

| | |
|---|---|
| 24. Race *(Specify, e.g., African-American, Caucasian, Native American)* | 25. Color *(Specify, e.g., dark-skinned, brown, light, white)* |

| | | |
|---|---|---|
| 26. National Origin *(Specify, e.g., Hispanic, Asian, African, Mexican)* | 27. Age - Provide DOB *(mm-yyyy)* | 28. Religion *(Specify, e.g., Christian, Muslim, Jewish, no Religion)* |

| | |
|---|---|
| 29. Disability *(Select type)* Mental AND Physical | 30. Sex *(Specify)* |
| 31. Sexual Orientation *(Specify)* | 32. Genetic Information *(Specify)* |

33. Reprisal

Date of Protected Activity ______ Select one: ______

## SECTION IV - SPECIFIC ALLEGATION(S) OF DISCRIMINATION

34. How was the aggrieved treated differently from other employees or applicants because of Race, Color, Sex, National Origin, Religion, Age, Disability, Genetic Information, Sexual Orientation, or Reprisal? Specify who, what, where, and when. *(Space will expand to fit. Attach additional sheets if necessary. To print the additional pages, check the print addendum box in the right hand corner of the print dialog box.)*

Because of her disability, Carey Hogg believes she was discriminated against when, on March 1, 2023, along with other actions, a re-evaluation of her current accommodations via DRAD, without her knowledge or consent were initiated.

Carey belives she is being discriminated against due to her because GEC leadership is reviewing and wanting to alter the existing accommodations GEC has had in place for her since Jan 2020.

Further, Carey believes GEC is looking to take a significant, adverse employment action to terminate her employment due to her disabilities. These developments have created a hostile and toxic workplace for Carey, which are having severe, negative effects on her diagnosed medical conditions.

Please see the Addendum for Extension of the case submitted on 5.2.2023 for full details.

## SECTION V - RELIEF/REMEDY SOUGHT

35. Requested Remedies (*List*)
*(Space will expand to fit. To print the additional pages, check the print addendum box in the right hand corner of the print dialog box.)*

1. Carey Hogg would like to be internally detailed to a civil servant, GS-15 employee Patricia Watts, who recently became the Deputy Coordinator for Support. They've brainstormed a number of duties from her current PD that she can bring over to work under her, while continuing to work remotely with a flex schedule and also maintain Carey's GS-14 position.

2. Carey Hogg spoke with the DEIA office, who is speaking with the R/FO to see if there are any available remote details Carey can do to get out of a hostile, toxic, and discriminatory environment at the earliest opportunity, based on her disabilities.

3.

4.

5.

## SECTION VI - RIGHTS AND RESPONSIBILITIES

36. The Aggrieved was provided with the Notice of Rights and Responsibilities and was specifically advised of the following:

- [X] The basis(es) for filing an informal, formal, and class complaint.
- [X] The right to file a formal complaint of discrimination.
- [X] The 45-calendar day requirement to contact an EEO Counselor or S/OCR from the effective date of a personnel action or of the date of the matter alleged to be discriminatory.
- [X] The role of an EEO Counselor, including that the Counselor is not an advocate for either the aggrieved person or the agency and acts strictly as a neutral party.
- [X] The possible availability of utilizing the Alternative Dispute Resolution (ADR) program and the right to elect either ADR or traditional EEO counseling.
- [X] The right to remain anonymous during the informal complaint process. *(Choose one)*
  - [ ] Election to remain anonymous
  - [X] Election to waive right to remain anonymous
- [X] The right to representation throughout the complaint process.
- [X] Responsibility of the aggrieved to notify S/OCR in writing of any change in contact information.
- [X] Responsibility of the aggrieved to notify S/OCR in writing of any non-attorney or attorney representation and provide representative's contact information.
- [X] The possible election requirement between a negotiated grievance procedure, MSPB procedure, and the EEO complaint process.
- [X] The election options in age and wage-based discrimination complaints.

## SECTION VII - ELECTION OF REPRESENTATIVE

- [X] Attorney
- [ ] Non-Attorney Representative

| 37. Name of Representative | 38. Address |
|---|---|
| Aaron Szot // Kalijarvi Chuzi Newman & Fitch | 818 Conneticut Ave NW, Suite 1000 Washington DC 20006 |

| 39. Telephone Number | 40. Fax Number | 41. E-Mail |
|---|---|---|
| 202-331-9260 | | ASzot@kcnlaw.com |

## SECTION VIII - INFORMAL RESOLUTION ATTEMPT(S)

42. Management Official(s) who is/are alleged to have taken action and/or who can assist in resolution or other employees that may assist in resolution efforts.

| Contact Person 1 | Title |
|---|---|
| Orna Blum | Senior Advisor, R/GEC |

Summary of Contact Person 1's Response to the Allegation(s)
*(Space will expand to fit. Attach additional sheets if necessary. To print the additional pages, check the print addendum box in the right hand corner of the print dialog box.)*

Contact was not made to capture the response.

| Contact Person 2 | Title |
|---|---|
| Daniel Gaush | GEC HR POC |

Summary of Contact Person 2's Response to the Allegation(s)
*(Space will expand to fit. Attach additional sheets if necessary. To print the additional pages, check the print addendum box in the right hand corner of the print dialog box.)*

Contact was not made to capture the response.

| Contact Person 3 | Title |
|---|---|
| Leah Bray | Deputy Coordinator, R/GEC |

Summary of Contact Person 3's Response to the Allegation(s)
*(Space will expand to fit. Attach additional sheets if necessary. To print the additional pages, check the print addendum box in the right hand corner of the print dialog box.)*

Contact was not made to capture the response.

**NOTE:** If there are more than 3 Contact Persons, include all information *(i.e., Contact Person Name, Title, and Summary)* in the addendum.

Signing Instructions

43. Documents Reviewed *(List)*
*(Space will expand to fit. Attach additional sheets if necessary. To print the additional pages, check the print addendum box in the right hand corner of the print dialog box.)*

1.
2.
3.
4.
5.
6.

**NOTE:** If there are more than 7 documents reviewed, include additional documents in the addendum.

## SECTION IX - OUTCOME OF INFORMAL COUNSELING

44. ☐ Resolution was not accomplished; therefore, I conducted the final interview with the Aggrieved at which time I informed the Aggrieved of the full scope of my inquiry and the reason(s) articulated by management for action(s) taken. On *(mm-dd-yyyy)*, __________ I provided the Aggrieved with a "Notice of Right to File a Formal Complaint of Discrimination" and a "Formal Complaint Form". The Aggrieved is aware of the requirement to file a formal complaint **within 15 calendar days** of the final interview if not satisfied with the results of my inquiry.

45. ☐ Resolution was accomplished. A negotiated settlement agreement was signed on *(mm-dd-yyyy)* __________ .

46. ☐ Withdrawal; the aggrieved withdrew their complaint on *(mm-dd-yyyy)* __________ .

47. ☒ ADR elected *(mm-dd-yyyy)* 05-30-2023 .

## SECTION X - SUMMARY OF COUNSELING ACTIVITIES

48. Provide a detail of your counseling activities.

We had 6 (1 hour long) scheduled discussion for EEO counseling and exchanged numerous emails with the aggrieved. The aggrieved, Carey Hogg, was very anxious about her office and leadership learning about her participation in the EEO process and fearful or retaliation/reprisal. In every discussion we held, I would outline the EEO process and go over all of the rights and responsibilities available to Carey. After each discussion, Carey would expect new developments in her situation and deliberate the next-steps of the EEO process. Throughout the counseling I had to go back to my case manager in S/OCR Stacy Merriwether for guidance and clarification and Carey was seeking legal advise to hire.

## SECTION XI - COUNSELOR CONTACT INFORMATION

| 49. Total Time Spent Counseling *(Calculate in hours)* | 50. Telephone Number | 51. Office Symbol/Post/Address |
|---|---|---|
| 50.00 | 246-227-4130 | RSO/Bridgetown/Barbados/WHA |

52. Name of Counselor

Lina Dobysh

| Signer Email Address | | Date *(mm-dd-yyyy)* |
|---|---|---|
| | eSigned by [signature] | 05-31-2023 |

## SECTION XII - ATTACHMENTS

55. The following documents must be included with this report:

1. Signed/Dated Notice of Rights and Responsibilities
2. Designation of Representation Form *(If applicable)*
3. Granted/Approved Extension *(If applicable)*
4. ADR Election Form *(If applicable)*
5. Signed/Dated Notice of Right to File *(if applicable)*
6. Signed/Dated Notice of Withdrawal Form *(If applicable)*

**NOTE - DO NOT ACCEPT AND/OR INCLUDE THE FORMAL COMPLAINT FORM. COUNSELORS ARE NOT AUTHORIZED TO ACCEPT THE FORMAL COMPLAINT.**

ADR Specialist
Office of Civil Rights
U.S. Department of State
202-717-3243
Martinmd3@state.gov

**CONFIDENTIAL:** This transmission, including attachments, is intended solely for the use of the designated recipient(s). This transmission may contain information that is confidential and/or privileged or otherwise protected from disclosure. The use or disclosure of the information contained in this transmission for any purpose other than that intended by its transmittal is strictly prohibited. If you are not an intended recipient of this transmission, please immediately destroy all copies received and notify the sender.

**CAREY HOGG: ADDENDUM for Agreement to Extend (DS-5080)**

*Tuesday, May 2, 2023*

**Basis:** I'm being discriminating against due to disabilities and the existing accommodations GEC has had in place for me since Jan 2020. Further, I believe GEC is looking to take a significant, adverse employment action by terminating me due to my disabilities. This has created a hostile and toxic workplace for me, which is having severe, negative effects on my diagnosed medical conditions.

**Issues:** From August 2016 through April/May 2021, I was diagnosed with a series of disabilities that required significant, frequent, and often unpredictable medical attention. *(See 2019 medical letter from Dr. Gary Kaplan.)* In Jan 2020, my former GEC supervisor Andy Paine consulted with DRAD to establish and obtain GEC Sr. Leadership's approval for a "Variable Day/Flex Schedule" to allow me to "telework when you need to and work any day or hour that you can to make 80 hours a period." He noted that this was a "direct copy from DRAD's handout" at the time *(See 2019 AP Email exchange.)* In the Approved AM (*Signed 1.8.20; can provide doc*), he also gained GEC Sr. Leadership's approval for hiring a contractor in lieu of the pre-approved PSC position on my team. This expedited the hiring process, filled an immediate personnel gap on my team, and enabled me to attend medical appointments/treatments without severe disruptions to our operations. DRAD reviewed these accommodations and stated that if GEC Sr. Leadership and my supervisory chain supported these actions, we did not need to take further action through the DRAD office itself. (*See email exchanges on this I've kept for my records*.) Finally, given there was no appropriate form at the time to capture actual hours worked under the agreed "flex schedule" arrangement due to limitations of the existing standard DS-4151 form, Andy Paine instructed me to keep a separate word doc or "work report" as an alternate way to record hours worked, to ensure full transparency and accountability. (*Per OPM's and GAO's guidance at the time.*) This same arrangement continued under my subsequent PPO Director supervisor Dale Prince; but suddenly has become an issue with my new, temporary supervisor Orna Blum. The underlying cause of these disabilities remained unknown until May/June 2021, when Mayo Clinic AZ neurologist—one of the top in the country—Dr. Brent Goodman diagnosed me with autonomic nervous system dysfunction, caused by a qualifying brain injury from an "Anomalous Health Incident (AHI), that took place in est. August 2016, as he also noted in his DS-4316 forms submitted to the Department in October 2022. *(See March 2023 letter from Mayo Clinic to DRAD and State MED).* Unfortunately, multiple adverse--and what I believe to be discriminatory actions due to my disability-- have been taken against me recently:

***(1) Launching a Medical Inquiry via DRAD on my Existing Accommodations without my Knowledge:*** On March 1, 2023, Orna Blum and GEC HR POC Daniel Gaush initiated a re-evaluation of my current accommodations via DRAD, without my knowledge or consent. (I don't know if this is a HIPAA violation, but I believe attempts to remove existing accommodations that have been in place since 2020 violates ADA compliance requirements.) These actions also violated 3 FAM 3673.4 regulations governing the "interactive process"—this wasn't interactive as I wasn't ever made aware that a medical inquiry regarding the validity of

my existing accommodations has been launched against me. I only found out about this by going into DRAD portal myself to request a new accommodation for my increasing AHI/TBI-related vision issues, and suddenly realized I'd been tasked with gathering extensive medical information from my providers, due the very next week. DRAD assigned Chris Brown as the case manager for their request and told them to make sure I was aware of this inquiry. *To date, neither Orna nor Daniel has informed me of this action, which I believe was discriminatory based on my disability.*

***(2) Questioning and potentially removing my "Flex schedule" accommodation that's been in place since 2020:*** I want to make sure this is on the record as Orna hasn't assigned a few of my timesheets now, as I believe is awaiting some sort of clarification on this from GEC Resources' Daniel Gaush. Daniel claimed that there's some sort of "flex schedule" form I'm supposed to complete but has not sent me this form (and I don't believe it exists per OPMs and GAOs guidance.) DRAD has reviewed my existing flex schedule arrangement and approved it as a reasonable accommodation now that it's being contested by the GEC. Orna is also insinuating that I've committed some sort of time and attendance fraud, which couldn't be further from the truth—I've followed the exact instructions that previous supervisors have provided me; she hasn't provided me any different instructions yet. I don't know what the outcome of this will be, however I need this accommodation to continue given I'm currently averaging 1-2 medical appointments/treatments per day. *I believe that revoking my existing accommodation—or attempting to terminate me due to wholly inaccurate claims of time and attendance fraud—would be a discriminatory action against me due to my disability.*

***(3) Remote Work Agreement (RWA):*** Also, Daniel made an inaccurate claim (in the DRAD portal) that I was pursuing to renew my "Remote Work Agreement" because I "preferred to work outside of the NCR." This is completely inaccurate, as I've noted multiple times to him and others—the issue is that State won't refer me to Walter Reed, which per the FY23 NDAA, is supposed to treat all AHI victims across the interagency, and covers all AHI-related medical costs. As I'm paying for all my AHI medical costs out of my own pocket, I can't afford to continue paying my medical costs without any support from State, and also move back to D.C. where I'll have to pay rent. (*See screenshots of Orna's and Daniel's claims to DRAD without my knowledge*.) *This is completely out of my control, so if my RWA isn't extended by the end of this month, I believe this will be a discriminatory action taken against me due to my disability.*

***(4) Removing my team and my FTE position duties:*** On March 2, 2023, Orna informed me that my principal contractor, Kayla Keener, who I'd trained to serve as NET's CPD Training Lead (covering my team's second line of effort), would now only be reporting to Orna—though she would technically still be on the NET team, and serve in her same role. However, Orna wrote in an email to me on this same date that if I had any "NET project activities" that I wanted to "offer to Kayla," I should contact Orna offline so she could decide whether Kayla could do them. I don't know if this directive came from Orna or from someone else at the GEC, but by removing my principal contractor from under my day-to-day direction, this effectively stripped me of my Essential Function #2, which is to oversee and lead GEC's CPD training efforts, as well as my Essential Function #4, NET Team Leadership. I asked why this action was taken and did not

receive a response. I spoke to Daniel Gaush about this on Friday, March 3, 2023, and he confirmed that this action could be taken because I wasn't technically designated my contractors' "Government Technical Authority"—first time I'd ever heard about this. (Note Orna doesn't have this either.) Shortly thereafter, my other contractor, Ed Loo quit, in part because he felt that Orna was tasking him with activities outside of his SOW, which I tried to prevent. *I haven't received confirmation that I can backfill his position, though others have been approved to backfill their vacant contractor positions, which I also feel is discriminating against me due to my disability.*

***(5) My supervisory chain has drawn up new* "ideas" for work commitments, many of which are not at the GS-14 level, and also include new <u>requirements</u>** for accessing classified systems—this hasn't been a current work requirement or need for my position since 2018, when I was GEC's SOCOM Liaison. However, there are three locations I've found in the Phoenix area in which I can access classified systems, so I am exploring those options. However, if I'm removed from my GS-14 position because of recent attempts to update my work commitments with tasks/functions that have nothing to do with my job and are well below my current grade/rank, I feel that these are discriminatory actions against me due to my disability.

There are many more micro-aggressions I could include at this moment, but in summary, these actions have created an incredibly hostile and toxic workplace for me, which is causing severe and negative impacts on my existing, diagnosed AHI and TBI, acquired as on-the-job-injury while working for the GEC. Moreover, the GEC has a pattern of taking adverse actions against employees as a means for masking discrimination and retaliation, which has been reflected in a number of cases that I can cite if necessary.

**Potential Solutions:**
(1) I would like to be internally detailed to a civil servant, GS-15 employee Patricia Watts, who recently became our Deputy Coordinator for Support. We've brainstormed a number of duties from my current PD that I can bring over to work under her, while continuing to work remotely with a flex schedule and also maintain my GS-14 position.
(2) I've also spoken with the DEIA office, who is speaking with the R/FO to see if there are any available remote details I can do to get me out of a hostile, toxic, and discriminatory environment for me right now, based on my disabilities.

KALIJARVI, CHUZI, NEWMAN & FITCH, P.C.
ATTORNEYS AT LAW



**DESIGNATION OF REPRESENTATIVE**

I, Carey Hogg, hereby designate the law firm of Kalijarvi, Chuzi, Newman & Fitch, P.C., whose address is 818 Connecticut Ave., N.W., Suite 1000, Washington, D.C. 20006, telephone: (202) 331-9260, to represent me on employment matters with the Department of State.

Carey Hogg

5-24-2023
Date

U.S. Department of State

Office of Civil Rights (S/OCR)

# AGREEMENT TO EXTEND EEO COUNSELING TIME PERIOD

Date *(mm-dd-yyyy)* 05-02-2023

To: EEO Counselor - Lina Dobysh

From: Aggrieved - Carey Hogg

On March *(Month)* 28 *(Day)*, 2023 *(Year)*, I initiated EEO counseling on the following bases and issues:

Basis(es) *(State basis upon which complaint is filed; e.g. race, color, national origin, sex, religion, physical or mental disability, protected genetic information, marital status, status as a parent, gender identity, sexual orientation, or reprisal.)*

I'm being discriminating against due to disabilities and the existing accommodations GEC has had in place for me since Jan 2020. Further, I believe GEC is looking to take a significant, adverse employment action by terminating me due to my disabilities. This has created a hostile and toxic workplace for me, which is having severe, negative effects on my diagnosed medical conditions.

Issues

(Please see attached sheet in which I needed to use larger font due to vision impairment. Also given very recent developments in this case, I need a bit more counseling to complete the descriptioin in this section.

The 30 day time period for the EEO Counselor to conduct counseling on my informal complaint will expire / has expired on May *(Month)* 3 *(Day)*, 2023 *(Year)*.

I understand that I can request an extension of up to 60 days for the counselor to complete the counseling.

In accordance with 29 C.F.R. § 1614.105(e), I agree to extend counseling by 60 days so that the counselor may attempt to resolve the issues I have raised.

If the matter has not been resolved by the conclusion of the agreed extension period, the EEO Counselor shall conduct the final interview and issue me the Notice of Right to File a Formal Complaint of Discrimination.

I understand that this extension must be approved by the Office of Civil Rights (S/OCR) in order for it to be valid. The EEO Counselor will submit my Agreement to Extend form to S/OCR for approval. If approval is not granted, the EEO Counselor will issue me the Notice of Right to File a Formal Complaint of Discrimination.

[signature]
Aggrieved's Signature

05-02-2023
Date *(mm-dd-yyyy)*

**For S/OCR Use Only**

S/OCR Approval ____________________ Date *(mm-dd-yyyy)* ____________

DS-5080
05-2013

U.S. Department of State

Office of Civil Rights (S/OCR)

# ALTERNATIVE DISPUTE RESOLUTION FORM

I, Carey Hogg, elect to have my complaint processed through the EEO Alternative Dispute Resolution Program (EEO/ADR).

I understand that my participation in the ADR program is voluntary. I further understand that my electing EEO/ADR does not guarantee that my complaint will be accepted for the ADR program. If my complaint is accepted, and ADR is not successful, my complaint will be returned to the pre-complaint counseling stage or formal complaint process, whichever is applicable.

[signature] — Signature

05-30-2023 — Date (mm-dd-yyyy)

Carey Hogg — Printed Name

Global Engagement Center — Bureau/Office/Post

15875 E. Trevino Drive — Home Address

Fountain Hills AZ 85268 — City, State, and ZIP Code

480-414-2707 — Telephone Number

HoggCL@state.gov — E-Mail Address

DS-5086
06-2007

xcH

U.S. Department of State
Office of Civil Rights (S/OCR)

# NOTICE OF RIGHTS AND RESPONSIBILITIES

Date (mm-dd-yyyy) 05-02-23

To: Aggrieved - Carey Hogg

From: EEO Counselor - Lina Dobysh

In regards to the EEO matter that you brought to my attention, and to the extent that the issues relate to alleged discriminatory actions by U.S. Department of State employees, I am required to advise you of your rights and responsibilities. It is important that you understand each of these as they might affect the way in which your complaint is processed.

1. **Representation:** You have the right to have a representative during any stage of the EEO complaint process, including EEO counseling. You may select anyone to represent you, including a current Department of State employee, as long as his/her official position would not present a conflict of interest with his/her duties as your representative. I am a neutral in the EEO process and cannot serve as a representative. n/a

   *Please check the box next to your election below:*

   ☐ I have a representative. My representative will be: __ Attorney __ Non-Attorney

   Name: __________

   Address: __________

   Phone: __________

   E-mail: __________

   ☑ I do not have a representative at this time. I understand I may select a representative at any stage of the EEO process and that I must provide S/OCR a signed and completed Designation of Representative Form before S/OCR will discuss anything having to do with my case with my representative.

2. **Reasonable Accommodation:** If you are an employee or applicant with a disability and you need a reasonable accommodation in order to navigate the EEO process, please use the online GTM Next Employee Portal (https://gtmprod.servicenowservices.com/next) to request a reasonable accommodation. Any employee unable to access the GTM Next Employee Portal to request a reasonable accommodation should contact the Bureau of Global Talent Management's Office of Accessibility and Accommodations (GTM/OAA) at OAA@state.gov.

3. **Harassment:** The Department of State is committed to a harassment-free workplace and accountability for all employees who commit harassing behavior. The Department's anti-harassment policies require referral of any allegations of harassment (or hostile work environment) to the Anti-Harassment Program (AHP) (see 3 FAM 1525/1526). AHP will review the allegations and, when appropriate, conduct an administrative investigation into the alleged discriminatory conduct. This investigation will be entirely separate from any EEO complaint and you may be required to participate in the AHP investigation, independent of how you choose to proceed with your EEO complaint. AHP cannot guarantee anonymity, but all investigations will be conducted discreetly and neutrally. The result of the AHP investigation will be to determine whether any misconduct allegations are substantiated, and if so, refer for disciplinary action. The AHP investigation will not result in damages or other remedies for a victim/complainant, and the victim/complainant will not receive a copy of the report of investigation from AHP.

## Informal EEO Process

4. **Initiating the Informal EEO Process:** You must initiate contact with S/OCR or an EEO Counselor within 45 calendar days of the date of the matter alleged to be discriminatory. If you initiate the process after 45 calendar days and you subsequently file a formal EEO complaint after EEO Counseling is concluded, your complaint may be dismissed in accordance with 29 C.F.R. § 1614.107.

   If you initiated the informal EEO process beyond the 45 calendar day requirement, please provide a brief explanation of the reason for the delay.

5. **Anonymity**: You have the right to remain anonymous during the EEO counseling process, which means I will divulge your name to others only if you authorize me to do so. You should know, however, that it may be difficult to resolve your issues informally if you choose to remain anonymous. Also, it is possible that the relevant parties I speak with could guess your identity, even though I would not reveal or confirm who is raising the issues.

*Please check the box next to your election below:*

☐ I want to remain anonymous during counseling.

☑ I do not want to remain anonymous during counseling.

6. **EEO Counseling and Alternative Dispute Resolution**: During the informal stage, your claim(s) may be addressed through EEO counseling or the S/OCR's Alternative Dispute Resolution (ADR) Program.

   a. If you participate in **EEO counseling**, I will conduct a limited inquiry into your claim(s) in an effort to resolve the matter. I must conclude my inquiry within 30 calendar days of the date you requested EEO counseling unless you agree in writing to extend the counseling period for an additional period of no more than 60 calendar days.

   b. If you elect to participate in the **ADR program** as a voluntary means to resolve your dispute, your informal case will conclude within 90 calendar days of your request to begin the informal EEO process. S/OCR will determine whether your case is appropriate for ADR. If your case is accepted for ADR, S/OCR will arrange for the appropriate management officials to engage in the dispute resolution process. S/OCR uses mediation as its primary ADR process. If your request for ADR is declined, S/OCR will notify you in writing and provide you information about your procedural rights moving forward.

*Please check the box next to your election below:*

XCH

☒ I elect to have my complaint processed through S/OCR's ADR Program.

☑ I do not want to elect ADR at this time. I understand that I may elect ADR at any stage during the processing of my EEO complaint.

XCH

7. **Notice of Right to File**: Within 30 calendar days of your request for EEO counseling, you have the right to receive written notice terminating the informal EEO process and informing you of the right to file a formal complaint (unless the time period has been extended by your prior written consent). If you elect ADR, the notice terminating the informal process will be issued upon completion of the dispute resolution process or within 90 calendar days of your request to begin the informal process, whichever is earlier.

8. **EEO Counselor's Report**: Should you file a formal complaint, S/OCR will provide you with a copy of the EEO Counselor's Report pursuant to 29 C.F.R. § 1614.

**Formal EEO Process**

9. **Filing a Formal EEO Complaint**: If you choose to file a formal complaint, you or your designated representative must send it directly to S/OCR within 15 calendar days from your receipt of the Notice of Right to File. If you file your formal complaint after 15 calendar days from when you receive the Notice of Right to File, your complaint may be dismissed in accordance with 29 C.F.R. § 1614.107. Your formal complaint must be submitted to: Director, S/OCR, 2201 C St., NW, Room 5806, Washington, DC 20520 or SOCRComplaintChannel@state.gov (preferred method). As the EEO Counselor, I am not authorized to accept a formal complaint on behalf of S/OCR. If you are alleging discrimination against another agency, your complaint must be forwarded directly to that agency in accordance with its established procedures.

10. **Issues Filed in a Formal Complaint**: If you file a formal complaint, you must limit it to those matters you discussed with me, or to like or related matters (that is, matters which are directly related to those matters or which are unmistakably derived from those matters discussed with me). To protect your rights, discuss all issues with me before you file a formal EEO complaint.

11. **Investigation of a Formal Complaint**: If your case is accepted for processing in accordance with 29 C.F.R. § 1614, an investigation will be conducted. The purpose of the investigation is to develop a complete and impartial factual record upon which to make a finding on the claim(s) accepted for processing. The investigation must be completed within 180 calendar days after filing the formal complaint. The complaint can be extended for an additional period of no more than 90 calendar days by written agreement. If the complaint is amended, the investigation must be completed within 180 days after the last amendment or 360 days after the filing of the original complaint, whichever is earlier.

12. **Amending a Previously Filed Complaint**: If you file a formal complaint and wish to amend the complaint to include new issues, only matters that are like or related to the issue(s) in the pending complaint may be considered. In order to add new issues or new evidence to your previously filed formal complaint, you must submit a written request to S/OCR, rather than to me. In your request, please provide the following information: (a) indicate the case number of your previous complaint; (b) describe the new issue(s)/incident(s); (c) indicate the date(s) of the new issue(s)/incident(s); (d) provide the name(s) of the management official(s) involved in the issue(s)/incident(s).

13. **Consolidation of Complaints**: If you have filed two or more complaints, the agency may consolidate them after appropriate notice to you if you have not already elected a hearing before the Equal Employment Opportunity Commission (EEOC). When a complaint has been consolidated with one or more earlier complaints, the agency shall complete its investigation within 180 days after the filing of the last complaint or 360 days after the filing of the first complaint, whichever is earlier. You may request a hearing before an EEOC Administrative Judge at any time after 180 days of when the first complaint is filed. The Administrative Judge may consolidate multiple complaints at the EEOC hearing stage.

14. **Election Rights Following Investigation**: You will be issued a Report of Investigation (ROI) once the investigation of your formal complaint has been completed. At that time, you will have the opportunity to decide how you want the decision on the merit of your complaint made.

    a. **Final Agency Decision (FAD)**: Within **30** calendar days of receipt of the ROI, you have the right to request a FAD from the Department of State pursuant to 29 C.F.R. § 1614.110. If you choose this option, S/OCR will prepare a decision within **60** days using the information developed in the ROI to determine whether you were subjected to illegal discrimination as alleged. If after **30** calendar days you have not informed S/OCR of your election between a FAD, hearing, or filing in District Court, S/OCR will prepare a FAD. You may appeal a FAD to the EEOC within **30** calendar days of receipt of the Decision from S/OCR. If you choose to appeal a FAD to the EEOC, you have the right to file a lawsuit in Federal District Court at any time after **180** calendar days from the filing of such an appeal or within **90** calendar days after receiving a decision from the EEOC.

    b. **Request a Hearing:** Within 30 calendar days of receipt of the ROI, you have the right to request a hearing before an Administrative Judge with the Equal Employment Opportunity Commission (EEOC). Please note that you can also request an EEOC hearing any time after 180 calendar days from the date you file your formal complaint. You may submit your hearing request to EEOC online via https://publicportal.eeoc.gov/Portal/Login.aspx. You must also send S/OCR a copy of your hearing request via email: SOCRComplaintChannel@state.gov (preferred method), fax: 202-647-4969, or mail: U.S. Department of State, Office of Civil Rights, 2201 C Street, NW, Room 5806, Washington, D.C. 20520.

    c. **Filing in U.S. District Court 180 Days After Filing a Formal Complaint**: Unless there is a statutory exception, you have the right to file a lawsuit in Federal District Court at any time after 180 calendar days have passed since filing a formal complaint or within 90 calendar days after receipt of a FAD from the Department.

**<u>Other Procedural Considerations</u>**

15. **Official Time**: You are entitled to request a reasonable amount of official time to prepare your EEO complaint. Requests for such leave should be made in advance to your supervisor. What is a "reasonable amount of time" is determined on a case-by-case basis. Detailed guidance on official time can be obtained by contacting S/OCR via email at SOCRCounselorChannel@state.gov or telephone at (202) 647-9295.

16 **Cooperation During Processing of Complaint**: You have the responsibility to cooperate with the Department during the processing of your complaint. This includes keeping the Department informed of your current mailing address and contact information, claiming any registered, express, or certified mail sent to you, and cooperating with any investigator assigned to your complaint. If you eventually file an appeal with the EEOC regarding your complaint, you must serve copies of your appeal to S/OCR.

17 **Contractors**: I will provide you counseling on your complaint. However, should your complaint not resolve, and should you seek to file a formal complaint, ultimately, you may not have a right to relief through the Department's EEO complaint process. S/OCR will review your complaint to determine whether you have the right to file a formal complaint of discrimination with S/OCR. For this reason, you should immediately seek to pursue any other avenues of redress to which you may be entitled. If you are alleging discrimination by a contracting company, you may have the right to raise your complaint directly with the EEOC. Information on filing a charge with the EEOC is available at https://www.eeoc.gov.

18 **Negotiated Grievance Process**: If you are in a bargaining unit, you may have the right to file a grievance on this matter through a union negotiated grievance procedure that accepts issues of discrimination; if so, however, you may not file both an EEO complaint and a grievance on the same matter. Whichever you file first (a formal EEO complaint or step 1 of a grievance) will be considered your election to proceed in that forum and will preclude you from pursuing your issue(s) in the other forum.

    a. Civil Service employees may file a grievance through the Department's Civil Service grievance process. Contact the Bureau of Global Talent Management, Grievance Staff (GTM/G) at (202) 261-8110 for additional information.

    b. Foreign Service employees may file a grievance through the Department's Foreign Service grievance process. Contact GTM/G at (202) 261-8110 for additional information.

19. **Merit Systems Protection Board (MSPB)**: If you are disputing a matter that can be appealed to the MSPB (mixed-case), you may file an EEO complaint or an MSPB appeal, but not both. Whichever you file first (a formal EEO complaint or an MSPB appeal) will be considered an election to proceed in that forum. If you file a mixed-case complaint, timeframes and election rights will differ. An appeal to the MSPB must be filed within **30** calendar days of the effective date of the action at issue. Information on filing an MSPB appeal can be found at https://www.mspb.gov/appeals/appeals.htm.

20. **Age Complaint (age 40 or over)**: If you allege age discrimination, you have the right to file a lawsuit in Federal District Court without first filing a formal EEO complaint. Your lawsuit must be filed within **180** calendar days of the date of the alleged discriminatory act. You must first notify the EEOC in writing of your intent to begin litigation in Federal District Court at least **30** calendar days in advance of the filing of your lawsuit. The notice should be sent to EEOC, P.O. Box 77960, Washington, DC 20013.

20. **Equal Pay Complaint (EPA)**: If you are complaining about sex-based wage discrimination (being paid less than a person of the opposite sex, even though you are doing equal work), you have the right to file a lawsuit in Federal District Court without first filing a formal EEO complaint, pursuant to the EPA.

21. **Back Pay and Damages**: If your complaint involves back pay, you have a duty to mitigate damages by actively seeking and/or retaining employment. Interim earnings or amounts which could be earned by a complainant with reasonable diligence generally must be deducted from back pay.

22. **Rejection of Agency Offer of Full Relief**: If you reject an agency offer of resolution made pursuant to 29 C.F.R. § 1614.109(c), it may result in the limitation of the Agency's payment of attorney fees or costs.

23. **Class Action Complaint**: If you believe that other individuals similarly situated to you have suffered from the same kind of discrimination, you may have the right to file a class action complaint. A class action complaint must allege that you have been individually harmed by a Department personnel management policy or practice that has similarly harmed numerous other class members. You must also allege that there are questions of fact that are common to and typical of the issues of the class, and that you or your representative will fairly and adequately protect the interest of the class. The EEOC also requires that a qualified attorney represent an agent for a class action complaint.

If you wish to discuss your rights and responsibilities further, if you have any questions or if you need additional information regarding your issue(s) or the EEO process, please let me know. Please direct any questions or concerns regarding the counseling of your case to the Intake and Resolution section of S/OCR via email at SOCRCounselorChannel@state.gov or telephone at (202) 647-9295.

Please sign below to acknowledge that you have been informed of your rights and responsibilities in the EEO process.

| | |
|---|---|
| EEO Counselor Signature<br>L. Leonidovna | Date *(mm-dd-yyyy)*<br>05-02-2023 |
| Aggrieved's Signature | Date *(mm-dd-yyyy)*<br>05-02-2023 |

XCH